UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                               Case No. 8:10-cv-425-T-33EAJ

CARY FROUNFELTER and KAST
ORTHOTICS AND PROSTHETICS, INC.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Entry of Judgment on Default (the "Motion" Doc. # 10), which was filed on April 7, 2010. In the Motion, Plaintiff requests a default judgment against Defendants, jointly and severally, in the amount of $142,220, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants the Motion.

**I.**    **Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a

1

properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

Plaintiff initiated this action on February 11, 2010, by filing a complaint alleging that Defendants owe Plaintiff $142,220, jointly and severally. (Doc. # 1). In the complaint, Plaintiff explains that the Office of the Inspector General for the United States Department of Health and Human Services (the "OIG") imposed an assessment of $142,220, against Defendants "based on the OIG's determination that [Defendants] knowingly presented, or caused to be presented

claims for payment under Medicare Part B that were: (1) not provided as claimed, or (2) false or fraudulent, in violation of section 1128A(a)(1)(A) and (B) of the Act." (Doc. # 1 at ¶¶ 13-14).

Defendants appealed the agency's determination to an Administrative Law Judge ("ALJ") and the ALJ upheld the assessment, finding that the assessment was "actually quite modest in light of the blatant fraud that Defendants perpetrated." (Doc. # 1 at ¶ 15). Defendants appealed the ALJ's decision regarding the assessment to the United States Department of Health and Human Services Departmental Appeals Board ("BAB"), which affirmed the ALJ's decision on December 8, 2008. (Doc. # 1 at ¶ 16). Defendants failed to appeal the decision of the DAB. Thus, the DAB's determination is final and binding pursuant to 42 C.F.R. § 1005.21(j). (Doc. # 1 at ¶ 17).

Plaintiff served the summons and complaint on Defendants on March 4, 2010, in accordance with Rule 4 of the Federal Ruels of Civil Procedure. (Doc. ## 4, 5). Defendants did not respond to the complaint, and on March 30, 2010, the Clerk entered a default against each Defendant pursuant to Rule 55(a), Fed.R.Civ.P. (Doc. ## 8, 9). Based upon the Clerk's Defaults and the well-pleaded factual allegations contained in

the complaint, it has been established that Defendants owe Plaintiff $142,220, plus interest as authorized under 45 C.F.R. § 30.13 through the date of entry of judgment as well as costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Entry of Judgment on Default (Doc. # 10) is **GRANTED.**

(2) The Clerk is directed to enter Default Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $142,220, plus interest and costs, and thereafter to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of April 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record